■ In the Matter of MT. KISCO DEVELOPMENT CORP., Petitioner, v. JAMES A. LUNDY et al., Constituting the Public Service Commission of the State of New York, Respondents. CONSOLIDATED EDISON COMPANY OF NEW YORK, INC., Intervenor-Respondent.— Proceeding under CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Third Judicial Department by order of the Supreme Court at Special Term, entered in Albany County) to review a decision of the Public Service Commission which dismissed petitioner's complaint. Petitioner is the developer of an industrial park located in the Village of Mt. Kisco, New York. In 1962 it filed an application with the Village Planning Board for approval of a subdivision plot to be known as the "Village Industrial Park". The application was approved subject to the condition, among others, that all electric and telephone wiring be underground. Petitioner accordingly requested Consolidated Edison to install an underground distribution system on Radio Circle, a proposed street on petitioner's property which has since become a public street. Consolidated Edison offered to install the requested system at a cost to petitioner of $31,531, the difference between the estimated cost of the underground system and the estimated cost of an overhead system, with cost of trenching to be supplied by petitioner. The offer was accepted subject to a reservation of all rights to protest the charges. A complaint was thereafter made to the Public Service Commission and a hearing was held. The examiner recommended dismissal of the complaint and the commission, determining that the charges made were just and reasonable, not more than allowed by law and not discriminatory, dismissed the complaint. A petition for rehearing was filed and was denied. Petitioner contends that the determination that it was not illegally discriminated against by being charged for the cost of the undergrounding was erroneous. It specifically argues that subdivision 2 of section 65 of the Public Service Law was violated since free undergrounding by Consolidated Edison was provided on property owned by Mt. Kisco Urban Renewal Authority and White Plains Urban Renewal Authority, and that subdivision 3 of section 65 was violated since free undergrounding was provided in certain other geographical areas. Although petitioner does show different treatment in other cases, its contention that it was unlawfully discriminated against cannot be sustained. The commission made supportable findings which provide a reasonable basis for such differences and therefore the finding of no discrimination is supportable. For example, the land here was private land, whereas the undergrounding at the urban renewal projects concerned replacement of existing overhead lines on public streets. Also, the geographic areas in which free undergrounding is provided are all densely populated. At most, petitioner has indicated a difference in treatment which does not amount to illegal dis-

crimination. Petitioner's further contention, that it was error for the hearing examiner to exclude a statement made in a newspaper advertisement by Consolidated Edison's board chairman in that the statement was relevant to the adequacy of service, must also fail. First, the statement, made substantially later than when the negotiations occurred, would not govern Consolidated Edison's actions, since it was bound to act according to its tariff schedule, which could only be changed by the specified procedure (Public Service Law, § 66, subd. 12). Second, upon a reading of the statement in its proper context, it cannot be said that it was necessarily relevant; it cannot be said that the statement would show that overhead lines would not provide adequate service at a just and reasonable price. Petitioner's other contentions have been examined and are found also to be without merit. Determination confirmed, and petition dismissed, without costs. Herlihy, P. J., Reynolds, Staley, Jr., Greenblott and Cooke, JJ., concur.